IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

L & T CONSTRUCTION, INC.                                                    PLAINTIFF

V.                                                                  CASE NO. 2:10CV58

MAZUMA CAPITOL CORP.                                                        DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court on the motion **[3]** of Defendant, Mazuma Capitol Corporation, to dismiss. Plaintiff L&T Construction has responded in opposition.

Mazuma and L&T entered into an equipment lease in 2008. The lease contains a forum selection clause where the parties agree to submit to the exclusive jurisdiction of the state or federal courts of Utah. Mazuma declared L&T to be in default pursuant to the lease in December 2009, due to L&T's adverse change to its financial condition. L&T filed the instant suit, originally in the Circuit Court of DeSoto County, Mississippi. Plaintiff alleges it was not in default under the equipment lease and seeks declaratory relief. This case was removed on April 14, 2010 and Defendant moved to dismiss shortly thereafter, pursuant to Federal Rule of Civil Procedure 12(b)(1) - (3), (6).

The plaintiff bears the burden of establishing the district court's jurisdiction. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1993). This court will rule on the motion without an evidentiary hearing. As such, "the plaintiff's burden is met by presenting a prima facie case for personal jurisdiction." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin*

*Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 92 S. Ct. 1907, 1913 L. Ed.2d 513 (1972).

Forum selection clauses are "presumptively valid and enforceable," unless the resisting party can show:

(1) Its incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;

(2) The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or

(3) The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*Long Beach Auto Auction, Inc. v. United Sec. Alliance, Inc.*, 936 So. 2d 351, 355 (citing *M/S Bremen*, 407 U.S. at 12-13).

L&T argues the forum selection clause is unreasonable due to the sole discretion maintained by Mazuma to declare L&T in default and haul the company into Utah courts. L&T contends that Mazuma held an overweening bargaining power in the negotiation and performance of the secured transaction in support of this argument. L&T cites as evidence the fact that Mazuma declared the company to be in default due to a materially adverse financial change. However, L&T is a sophisticated commercial party that is certainly capable of bargaining for conscionable contract terms. L&T agreed to the clause and admitted it anticipated litigation in Utah.

L&T further argues that enforcement would contravene strong public policy declared by Mississippi statute. The statutes cited by L&T allow for reinstatement of accelerated debt secured by a deed of trust, mortgage, or lien and the right of a lienholder to redeem collateral. Miss. Code. Ann. §§ 89-1-59, 75-9-623. A lien is not at issue in this case, but rather involves the

2

breach of a lease agreement.  Further, L&T did not miss payments and thus, accelerated debt is not applicable.  Mississippi has no strong public policy that would render the forum selection clause unenforceable.

This court does not address Mazuma's 12(b)(6) claim, as this is not the proper forum to decide whether L&T pled a plausible claim on the face of its complaint.

Defendant's motion **[3]** is **GRANTED** on the grounds that the forum selection clause between the parties is enforceable.

This the 19th day of October, 2010.

>  **/s/ MICHAEL P. MILLS**
>  **CHIEF JUDGE**
>  **UNITED STATES DISTRICT COURT**
>  **NORTHERN DISTRICT OF MISSISSIPPI**